(112 App. Div. 366)

PEARSALL et al. v. STEWART et al.

(Supreme Court, Appellate Division, Second Department. April 20, 1906.)

FRAUDULENT CONVEYANCES—WANT OF CONSIDERATION—SOLVENCY OF GRANTOR.
 A conveyance without substantial consideration cannot be set aside as fraudulent against the grantor's creditors, where after the conveyance he has sufficient property with which to meet his debts.

[Ed. Note.—For cases in point, see vol. 24, Cent. Dig. Fraudulent Conveyances, §§ 144, 145.]

Appeal from Special Term, Kings County.

Action by Thomas E. Pearsall and others against Thomas H. Stewart and another. From a judgment in favor of plaintiffs, defendants appeal. Reversed.

Argued before JENKS, HOOKER, RICH, and MILLER, JJ.

Reno R. Billington, for appellants.

Frederick W. Sparks, for respondents.

PER CURIAM. The eighth finding of fact, that the conveyance and transfer by the defendants of the property in question was made with intent to hinder, delay, and defraud the plaintiffs, is without sufficient evidence to support it, and, as such a finding is essential to the judgment in plaintiffs' favor, the latter must also fall. There is, perhaps, evidence which tends to show that the transfer by one defendant to the other (his wife) was for a nominal consideration; but there is no suggestion in the evidence that at the time of such transfer the husband was not the owner of ample other property with which to pay his debt to the plaintiffs and every other he might owe. The return unsatisfied in May, 1904, of an execution against his property does not make a satisfactory showing that he had no property in August, 1901, at the time of the transfer.

There is no direct evidence of fraudulent intent. The plaintiffs ask that it be inferred from the fact of a conveyance without substantial consideration, while the grantor was indebted to them, and that by reason of the transfer he defeated the making of the plaintiffs' claim; but the inference may not be indulged, in the absence of proof that he had

not other sufficient property with which he might meet his debts. So long as he kept enough to pay his debts with, he was free to give his wife as much as he wished.

The judgment should be reversed, and a new trial granted.

Judgment reversed, and new trial granted; costs to abide the final award of costs.